```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT


JAMES A. HARNAGE,                       :
     Plaintiff,                         :
                                        :
     v.                                 : Case No. 3:21-cv-163(AWT)
                                        :
NED LAMONT, et al.,                     :
     Defendants.                        :
```

### RULING ON PLAINTIFF'S MOTION TO SUPPRESS AND STRIKE

The plaintiff, James A. Harnage, asks the court to strike or suppress his deposition, taken in another of his cases. The defendants submitted a portion of the deposition transcript in support of their motion to dismiss this case as a sanction.

Federal Rule of Civil Procedure 30(e) provides that, if he so requests before the deposition is completed, "the deponent must be allowed 30 days after being notified by the officer that the transcript ... is available" to review the transcript and submit an errata sheet if needed. The plaintiff states that, although he asked to review the transcript both at the beginning and end of the deposition, the officer never notified him that the transcript was ready for review.

Federal Rule of Civil Procedure 32(d)(4) provides that any "objection to how the officer transcribed ... otherwise dealt with the deposition ... is waived unless a motion to suppress is

made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known." The plaintiff contends that he did not learn that the transcript was available until December 28, 2021, when the defendants filed a portion of the transcript in his other case. Shortly thereafter, the plaintiff was placed in quarantine for three weeks. He filed this motion on January 25, 2022. The court considers the motion promptly filed.

In support of his motion, the plaintiff cites only the failure to follow the procedures in Rule 30(e). There are no reported cases in this district suppressing a deposition for failure to comply with these procedures. Indeed, Rule 30(e) contains no provision for suppression of depositions. See Coleman v. Miller, No 3:09-0456, 2010 WL 1408251, at *2 (M.D. Tenn. Apr. 6, 2010) ("While Rule 30(e) and (f) provide certain requirements for reviewing and making changes in depositions and for certificates by the Court Reporter, nothing in Rule 30 provides for the 'suppression' of depositions.").

Other courts considering motions to suppress deposition transcripts have denied such a drastic remedy absent evidence identifying errors in the deposition testimony that require correction. See Grant v. Corral, No. 2:19-CV-01495-MCE-KDP(S), 2021 WL 826203, at *4-5 (E.D. Cal. Mar. 4, 2021) (plaintiff

failed to show that suppression is required to address alleged violation as he failed "to identify any errors in his deposition testimony, or any prejudice resulting from his inability to ... conduct a review of the transcript before its filing"), report and recommendation adopted, 2021 WL 2457582 (E.D. Cal. June 16, 2021); Griffin v. Johnson, No. 1:13-CV-01599-LJO-BAM(PC), 2017 WL 3383041, at *2 (E.D. Cal. Aug. 7, 2017) (denying motion to suppress deposition where plaintiff failed to "set forth any basis to suggest he made errors in his deposition testimony that require correction"); Keeler v. Aramark, No. CIV.A. 08-1168-MLB, 2011 WL 3608698, at *1 (D. Kan. Aug. 12, 2011) (declining to strike deposition for failure to comply with Rule 30(e) where plaintiff made no specific objection to portions of his deposition), aff'd, 483 F. App'x 421 (10th Cir. 2012).

The plaintiff does not identify any problem with the deposition excerpts filed in this case.  Indeed, he has confirmed in his opposition to the motion to dismiss the statements the defendants support by submitting the transcript pages.  Thus, the court concludes that suppression is not warranted.

The plaintiff's motion to suppress and strike [ECF No. 124] is hereby DENIED.

It is so ordered.

Signed this 29th day of June 2022 at Hartford, Connecticut.

                                               /s/AWT
                                      Alvin W. Thompson
                               United States District Judge