**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
JAMES A. HARNAGE,               :
                                :
          Plaintiff,            :
                                :
v.                              :   Civil No. 3:21-cv-163 (AWT)
                                :
NED LAMONT, et al.,             :
                                :
          Defendants.           :
------------------------------- x
```

<u>**RULING ON DEFENDANTS' MOTION TO DISMISS**</u>

The remaining defendants in this case have moved to dismiss the Complaint with prejudice on the basis that the plaintiff was aware, at the time that he filed his motion to proceed <u>in forma pauperis</u>, that his claim of poverty was untrue. For the reasons set forth below, the motion to dismiss is being denied.

**I.   BACKGROUND**

The <u>pro se</u> plaintiff, James A. Harnage, is currently confined in the custody of the Connecticut Department of Correction ("DOC") pursuant to a sentence imposed on September 24, 2010. On February 9, 2021, the plaintiff filed suit against the remaining defendants and others under 42 U.S.C. § 1983. <u>See</u> Compl. (ECF No. 1). That same day, he also filed a motion for leave to proceed <u>in forma pauperis</u> ("IFP") and submitted a Prisoner Trust Fund Account Statement to support his IFP application. <u>See</u> Mot. for Leave to Proceed IFP (ECF No. 2);

-1-

Prisoner Trust Fund Account Statement (ECF No. 6). On March 31, 2021, the plaintiff amended his complaint as of right. See Am. Compl. (ECF No. 9).

Because the court has dismissed more than three of his cases as frivolous, the plaintiff is subject to the so-called three-strikes provision at 28 U.S.C. § 1915(g), and he may not bring a civil action without prepaying the filing fee unless his complaint alleges "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Although the court initially granted the plaintiff's motion to proceed IFP in April 2021, see Order (ECF No. 10), on November 10, 2021 the court revoked the order granting the plaintiff leave to proceed in forma pauperis because, as of the date the plaintiff began this action, the plaintiff did not face any imminent danger of serious physical injury as required to meet the exception to the three-strikes rule. See Ruling (ECF No. 112). The court directed the plaintiff to pay the filing fee. The filing fee was paid on November 20, 2021.

On January 14, 2022, the defendants filed this motion to dismiss with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) on the basis that the plaintiff was aware, at the time that he filed his motion to proceed IFP, that his claim of poverty was untrue.

-2-

## II.   LEGAL STANDARD

Where a plaintiff has moved to proceed in forma pauperis, 28 U.S.C. § 1915 provides in relevant part that "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'" Vann v. Comm'r of N.Y. City Dep't of Corr., 496 F. App'x 113, 115 (2d Cir. 2012) (citation omitted).

"[D]ismissal with prejudice in the context of section 1915 [is] an extreme sanction to be exercised only in appropriate cases," including "cases presenting a clear record of delay or willful or contumacious conduct." Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986). Thus, while "dismissal is mandatory in the face of untrue allegations of poverty," Oquendo v. Geren, 594 F.Supp.2d 9, 11 (D.D.C. 2009), "courts adopt a flexible approach in assessing the falsity of these allegations," Floyd v. Lee, 85 F.Supp.3d 482, 493 (D.D.C. 2015). "Although a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty

requiring dismissal in all cases, dismissal under §
1915(e)(2)(A) is certainly appropriate where a plaintiff
conceals or misrepresents his or her financial assets or history
in bad faith to obtain in forma pauperis status." Id. "Bad faith
. . . includes deliberate concealment of income in order to gain
access to a court without prepayment of filing fees." Id.
(citing Cuoco v. U.S. Bureau of Prisons, 328 F.Supp.2d 463, 467-
68 (S.D.N.Y. 2004)). In evaluating the falsity of a plaintiff's
allegation of poverty, the court considers the plaintiff's
litigation history and familiarity with IFP procedures. See id.
Dismissal without considering a lesser sanction may be
appropriate where "a litigant acted in bad faith, has
significant experience with the workings of the court, and has
an extensive history with the IFP statute." Shepherd v. Annucci,
921 F.3d 89, 98 (2d Cir. 2019).

     In addition, "[a] court has the inherent power to supervise
and control its own proceedings and to sanction counsel or a
litigant for bad-faith conduct." Shepherd, 921 F.3d at 97
(quoting Sussman v. Bank of Israel, 56 F.3d 450, 459 (2d Cir.
1995) (internal quotation marks omitted)). Thus, district courts
have discretion to "impose sanctions against litigants who abuse
the judicial process" after notice of the sanction and an
opportunity to be heard if the litigants' conduct evinces
"extraordinary circumstances, such as demonstrated history of

frivolous and vexatious litigation." <u>Malcolm v. Bd. of Educ. of</u> <u>Honeoye Falls-Lima Cent. Sch. Dist.</u>, 506 F. App'x 65, 69 (2d Cir. 2012) (summary order) (citations omitted). Sanctions may include, among other things, prohibiting a litigant from filing pleadings, motions, or appeals. <u>Id.</u> (citation omitted). However, sanctions should not be imposed unless the litigant has had adequate notice and an opportunity to be heard. <u>Id.</u> (citing <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 334 (2d Cir. 1999)).

**III. DISCUSSION**

The documentary evidence and the chronology of relevant events show that the plaintiff did not act in bad faith by willfully misstating his financial condition in the IFP application.

In or around October 2020, the plaintiff filed a tax return with the Internal Revenue Service ("IRS") so that he would receive Economic Impact Payments, commonly referred to as stimulus payments. Harnage instructed the IRS to mail the checks for the stimulus payments to him at the law offices of Cicchiello & Cicchiello, LLC ("Cicchiello & Cicchiello").

On January 12, 2021, Cicchiello & Cicchiello deposited a check from the U.S. Treasury in the amount of $1,200 into its client funds account on behalf of the plaintiff. On January 15, 2021, Cicchiello & Cicchiello deposited a $600 check.

On February 9, 2021, the plaintiff filed this action, together with the IFP application.

On March 26, 2021, the plaintiff wrote a letter to Cicchiello & Cicchiello. This letter shows that, as of over six weeks after he filed this action, the plaintiff was unaware that the two checks had been received and deposited by Cicchiello & Cicchiello and, in fact, reflected that he assumed that Cicchiello & Cicchiello had not yet received them. In this letter, written well before the plaintiff had any reason to suspect the issues in the instant motion would arise, he wrote, among other things:

> Most importantly, I haven't heard anything about my stimulus payments. I am assuming that if I have not heard from you, you have not received them. I am at a loss because 9 out of 10 inmates I know, have received their checks. I haven't even heard anything from the IRS in response to a correspondence seeking a status. I am concerned about potential identity theft because I watch a news segment of problems regarding stimulus checks. . . .
>
> Hopefully, we can get it straightened out. . . .
>
> If necessary, would you be willing to accept an affidavit from me authorizing you to discuss my tax filing with the IRS and ascertain what the Hell is going on?

Ex. 4, Pl.'s Opp. (ECF No. 136-5) at 2.

On March 26, 2021, the U.S. Treasury issued a third check to the plaintiff in the amount of $1,400.00. See Ex. 5, Defs.' Mot. (ECF No. 119-6), at 3.

On March 30, 2021, Cicchiello & Cicchiello wrote a letter to Harnage, informing him for the first time that the checks had been received and deposited in the client funds account. At that time, the law firm did not inform him of the amount of money received. Harnage received this letter on April 6, 2021.

Attorney Cicchiello has submitted an affidavit in which he avers that the March 30, 2021 letter was the first time he informed the plaintiff that the checks for the stimulus payments had been received and deposited in the firm's client funds account and that he did not inform the plaintiff at that time of the amount of money received. See Ex. 6, Pl.'s Opp. (ECF No. 136-7), at 3 (¶ 12).

Because the funds were in Cicchiello & Cicchiello's client funds account for the benefit of the plaintiff at the time he filed his IFP application, his representation as to his financial condition was not true. But because the plaintiff was unaware that the funds had been received and deposited in the client funds account, and because he in fact believed that the stimulus payment had not been received, the court cannot conclude that there is a clear record demonstrating that Harnage acted in bad faith by deliberately concealing money or

misrepresenting his financial assets in order to obtain IFP
status.

**IV.   CONCLUSION**

Accordingly, the Defendants' Motion to Dismiss Pursuant to
28 U.S.C. § 1915(e)(2)(A) (ECF No. 119) is hereby DENIED.

It is so ordered.


Dated this 13th day of September 2022, at Hartford,
Connecticut.


/s/AWT
_____
Alvin W. Thompson
United States District Judge
